IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RENTARIA,<br><br>    Petitioner,<br><br>vs.<br><br>MIKE MCDONALD, Warden,<br><br>    Respondent. | No. C 11-2382 JSW (PR)<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket No. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. He has applied for leave to proceed in forma pauperis. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

In 2007, Petitioner pled guilty in Sonoma County Superior Court to charges of driving under the influence and causing injury, driving without a license, fleeing the scene of a crime, as well as enhancements for causing great bodily injury and prior convictions for driving under the influence. The trial court sentenced him to a term of 12 years in state prison. Petitioner did not challenge his conviction or sentence on direct appeal, but rather filed habeas petitions in all three levels of the California courts. Petitioner then

filed the instant federal petition.

## DISCUSSION

### I  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### II  Legal Claims

Petitioner claims: (1) that his guilty plea was not knowing and voluntary; (2) that he received ineffective assistance of trial counsel; and (3) that he received ineffective assistance of counsel on appeal. Liberally construed, these claims are sufficient to warrant a response from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

2

3. Respondent may, within **ninety (90) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. In light of Petitioner's lack of funds, his application for leave to proceed in forma pauperis (docket number 2) is GRANTED.

IT IS SO ORDERED.

DATED: May 31, 2011

JEFFREY S. WHITE
United States District Judge

3